JOHNSON ET AL., APPELLANTS, *v.* HAMMOND, APPELLEE.

(No. 53541—Decided
April 18, 1988.)

*Joseph L. Coticchia,* for appellants.
*James L. Malone,* for appellee.

PATTON, J. Plaintiffs-appellants, Steve R. Johnson, a minor, and George A. Johnson and Bernice Johnson, Steve's parents and natural guardians (hereinafter "plaintiffs"), appeal from an order of the Court of Common Pleas of Cuyahoga County that dismissed their complaint for medical malpractice against defendant-appellee, Louis E. Hammond, M.D. The following facts give rise to this appeal:

On or about October 16, 1984, Steve R. Johnson was born in St. Luke's Hospital in Cleveland, Ohio. Immediately following Steve's birth, defendant Hammond performed a circumcision on the infant. The circumcision was performed with a device known as a Gomco clamp. During the procedure, a part of the clamp referred to as the "bell" was placed over the glans of the infant's penis. The clamp was tightened down over the foreskin. The foreskin was fitted over the bell and trimmed.

The clamp was left in place for approximately three minutes. After three minutes, there ordinarily will be a seal and no bleeding. In this case, the Gomco clamp slipped when it was removed, lacerating the infant's penis and causing bleeding. Defendant sutured the lacerated area and then performed the circumcision freehand. The circumcision resulted in an infection and a cyst.

In October 1985, the plaintiffs commenced this action for negligence against the defendant. The defendant answered the complaint on November 26, 1985 by denying plaintiffs' allegations of negligence.

The matter was referred to an arbitration panel. Plaintiffs offered no expert testimony at the arbitration hearing. In a two-to-one decision, the arbitration panel awarded plaintiffs $10,000.

On October 22, 1986, defendant filed his notice of non-acceptance of the arbitrators' award. Thereafter, the case was scheduled for trial in the common pleas court.

On the day of the trial, March 9, 1987, the court held a hearing on whether the plaintiffs' case could survive a motion for a directed verdict if the plaintiffs offered no expert medical testimony on the standard of care and skill for a circumcision. For purposes of the hearing, both parties stipulated as to what evidence would be presented at trial if plaintiffs' case were to proceed on the merits.[1] The lower court concluded that plaintiffs' case could not proceed in the absence of expert medical testimony on the requisite standard of care and, accordingly, dismissed plaintiffs' complaint in an order journalized on March 10, 1987.

Plaintiffs appealed on March 18, 1987 and asserted a single assignment of error:

"The trial court erred by granting defendant's motion for a directed verdict."

The assignment of error is well-taken.

We note at the outset that in professional liability cases involving allegedly negligent conduct, "[t]he issue as to whether the physician and surgeon has proceeded in the treatment of a patient with the requisite

---

[1] The stipulated evidence consisted of defendant's deposition testimony, hospital records and office charts, several photographs, and excerpts from Williams on Obstetrics.

standard of care and skill must ordinarily be determined from the testimony of medical experts." *Bruni* v. *Tatsumi* (1976), 46 Ohio St. 2d 127, 130, 75 O.O. 2d 184, 186, 346 N.E. 2d 673, 676. See, also, *Whiteleather* v. *Yosowitz* (1983), 10 Ohio App. 3d 272, 274, 10 OBR 386, 389-390, 461 N.E. 2d 1331, 1335. An exception to the rule requiring expert testimony exists when the lack of skill or care of the physician and surgeon is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it. See *Bruni* v. *Tatsumi, supra,* at 130, 75 O.O. 2d at 186, 346 N.E. 2d at 677.

In the instant case, plaintiffs contended that the defendant performed the circumcision in a negligent manner. Under the circumstances of this case, we cannot say that the alleged lack of skill or care of the defendant in this case is so apparent as to be within the comprehension of laymen requiring only common knowledge and experience to understand and judge it. Accordingly, some expert testimony on the requisite standard of care and skill would be necessary under these facts to show that the defendant deviated from that standard.

Plaintiffs assert that the doctrine of *res ipsa loquitur* is applicable to this action and that this doctrine may be used to establish a physician's negligence even in the absence of expert testimony on the appropriate standard of medical care. The doctrine of *res ipsa loquitur* may be applied in medical malpractice actions, but is only a rule of evidence which allows the trier of fact to draw an inference of negligence from the facts presented. See *Morgan* v. *Children's Hospital* (1985), 18 Ohio St. 3d 185, 187, 18 OBR 253, 254, 480 N.E. 2d 464, 465. See, also, *Jennings Buick, Inc.* v. *Cincinnati* (1980), 63 Ohio St. 2d 167, 17 O.O.

3d 102, 406 N.E. 2d 1385. The doctrine is not applicable in malpractice actions in which its claimed applicability is based solely upon the fact that the treatment was unsuccessful or terminated with poor or unfortunate results. *Oberlin* v. *Friedman* (1965), 5 Ohio St. 2d 1, 34 O.O. 2d 1, 213 N.E. 2d 168, paragraph three of the syllabus. In *Hake* v. *George Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65, 52 O.O. 2d 366, 262 N.E. 2d 703, the court stated:

"To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed." *Id.* at 66-67, 52 O.O. 2d at 367, 262 N.E. 2d at 705.

In the instant case, the defendant concedes that the Gomco clamp used in the circumcision procedure was under his exclusive management and control. The only remaining issue is whether there is evidence "that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed."

We do not agree with plaintiffs' contention that the doctrine of *res ipsa loquitur* relieves them of their burden of presenting expert medical testimony on the requisite standard of care and skill. The plaintiffs must present evidence to show that the injury would not have occurred in the ordinary course of events if ordinary care had been observed before an instruction on *res ipsa loquitur* would be justified. This showing necessarily requires ex-

128

pert evidence on the ordinary procedures in performing a circumcision.

The authorities cited by plaintiffs do not lead to a different result. For example, in *Morgan* v. *Children's Hospital, supra,* the court held that the use of expert testimony in a medical malpractice case to establish that the injury occurred under such circumstances that, in the ordinary course of events, it would not have occurred if ordinary care had been observed does not disqualify such a case for application of the doctrine of *res ipsa loquitur.* Thus, *Morgan* holds that *res ipsa loquitur* may be applied even after expert testimony on the standard of care has been presented. It does not hold that expert testimony is not necessary to establish the requisite standard of care.

Likewise, in *Shields* v. *King* (1973), 40 Ohio App. 2d 77, 69 O.O. 2d 57, 317 N.E. 2d 922, the plaintiff provided uncontradicted testimony of the decedent's family doctor which established that either the blood used for priming a dialysis machine or the machine itself was contaminated. *Id.* at 84, 69 O.O. 2d at 61, 317 N.E. 2d at 927. Thus, the plaintiff in *Shields* provided expert testimony to show that the injury occurred under circumstances that, in the ordinary course of events, would not have occurred had ordinary care been observed.

We conclude that the doctrine of *res ipsa loquitur* does not obviate the requirement that the plaintiffs provide expert medical testimony on the standard of care that is ordinarily observed in these circumstances. In the instant case, plaintiffs' counsel indicated that plaintiffs would not be presenting testimony of a medical expert in these proceedings. Nevertheless, the stipulated evidence submitted to the lower court included the defendant's deposition. In *Oleksiw* v. *Weidener* (1965), 2 Ohio St. 2d 147, 31 O.O. 2d 267, 207 N.E. 2d 375, the court held that "[i]n a malpractice action, expert testimony may be elicited from a physician defendant called by plaintiff 'as if under cross-examination,' pursuant to Section 2317.07, Revised Code." *Id.* at syllabus. See, also, *Whiteleather* v. *Yosowitz, supra,* at 276, 10 OBR at 391, 461 N.E. 2d at 1336 (defendant physician's admissions in deposition may provide applicable standard of care); *Hill* v. *Rambasek* (Dec. 20, 1979), Cuyahoga App. No. 39845, unreported (expert evidence elicited by cross-examining defendant physician).

During the course of his deposition, the defendant indicated that when the Gomco clamp is removed, there ordinarily will be a seal with no bleeding. But in this case, the entire clamp slipped off, so that defendant had to perform the circumcision freehand. The defendant did not know why the clamp slipped. The defendant later acknowledged that ordinarily suturing is not required following a circumcision, but that the circumcision in this case did not go routinely.

Under these circumstances, we conclude that the plaintiffs introduced some expert medical testimony by cross-examination of the defendant physician on the ordinary standard of care for a circumcision. See *Oleksiw* v. *Weidener, supra; Whiteleather* v. *Yosowitz, surpa; Hill* v. *Rambasek, supra.* At this juncture of the case, it would be premature to say whether a jury instruction on *res ipsa loquitur* would be warranted. Nevertheless, construing the evidence most strongly in favor of the plaintiffs, we cannot say that the plaintiffs have no cognizable claim. Accordingly, we conclude that the trial court improvidently dismissed the plaintiffs' complaint.

The judgment is reversed, and the

cause will be remanded for further proceedings.

*Judgment reversed
and cause remanded.*

J. V. CORRIGAN and MARKUS, JJ., concur.