Plaintiff-appellant, Ashton McDaniel appeals from a summary judgment rendered in favor of defendant-appellee Frederick R. Faust. McDaniel contends that the trial court erred when it struck her allegations of fraud, and when it rendered summary judgment against her on her claims of medical malpractice, and negligent infliction of emotional distress.
We conclude that the trial court did not abuse its discretion in striking McDaniel's allegations of fraud, where the allegations first arose in McDaniel's response to defendant-appellee Frederick Faust's motion for summary judgment, made after substantial discovery had been completed, and less than two months before trial. From this record, we conclude that the trial court correctly determined that there are no genuine issues of material fact with respect to McDaniel's dental malpractice and negligent infliction of emotional distress claims. Accordingly, the judgment of the trial court is Affirmed.
 I
Faust treated McDaniel, as a dental patient, from December, 1994, through August, 1995, evidently to McDaniel's satisfaction. At some time thereafter, McDaniel became aware that Faust had been charged by the Ohio Dental Board with a failure, on his own part and on the part of his assistants, to use sanitized gloves while performing dental work on patients. McDaniel then brought this action alleging malpractice. She alleged that as the result of acts of malpractice, she was injured, both internally and externally, suffered a broken tooth, which continued to cause her pain, developed emotional distress upon learning of the manner in which Faust performed the work in her mouth, and became, and would in the future be, unable to attend to her ordinary affairs and duties.
The depositions of the parties and one other witness were taken. Faust moved for summary judgment. In her response to Faust's motion for summary judgment, for the first time, McDaniel claimed that Faust's conduct was fraudulent. Faust moved to strike the allegations of fraud.
The trial court sustained Faust's motion to strike and his motion for summary judgment, and rendered judgment accordingly. From the judgment of the trial court, McDaniel appeals.
 II
McDaniel sets forth two assignments of error, as follows:
 WHETHER THE COURT ERRED BY DISMISSING THE CASE UNDER OHIO RULE OF CIVIL PROCEDURE 56 WHEN A GENUINE ISSUE OF MATERIAL FACTS REMAINS AS TO WHETHER THE DEFENDANT ENGAGED IN FRAUDULENT ACTIVITIES TOWARDS APPELLANT/PLAINTIFF.
 WHETHER THE SUSPENSION OF DEFENDANT FOR CONDUCT TOWARDS APPELLANT AND OTHERS BY THE OHIO DENTAL BOARD CONSTITUTES SOME EVIDENCE TO MAINTAIN THIS ACTION AGAINST DEFENDANT ON ISSUES OF LIABILITY.
We have reviewed the decision of the trial court, and the record, and we find that the record supports the trial court's decision. Furthermore, we cannot improve upon the disposition, in the trial court's decision, of the legal issues raised in this appeal. Accordingly, we adopt the decision of the trial court, which follows, as our own:
 In moving for summary judgment, the Defendant asserts that no genuine issue of fact exists as to the Plaintiff's claim for dental malpractice because she has failed to produce expert testimony showing the existence of a standard of care, breach of that standard and proximate cause. The Defendant also submits that he is entitled to summary judgment on McDaniel's claim for compensatory damages since she has failed to provide any evidence of physical injury or serious emotional distress. Lastly, the Defendant argues that the Plaintiff's claim for punitive damages must fail in the absence of any evidence of malice, egregious fraud, insult, oppression or ratification of such behavior.
 In response, the Plaintiff submits that she is not required to produce expert testimony since her claims give rise to claims of fraud, misrepresentation, and the failure to obtain consent. Specifically, the Plaintiff argues that the alleged actions of the Defendant — failing to inform her of the nonuse of surgical gloves during treatment and the lack of consent to allow a non-licensed dental technician to perform dental treatments — amounts to claims of fraud and misrepresentation and not dental malpractice. In support of this contention, the Plaintiff provides her affidavit stating that she recalled a dental assistant performing dental procedures who she later learned was unlicensed, that she learned of "inappropriate behavior" committed by the Defendant during her treatment and that she learned that the Defendant had been suspended for such behavior. Additionally, the Plaintiff provides a copy of the Notice of Opportunity for a Hearing setting forth the counts against the Defendant by the Ohio State Dental Board and a copy of a consent agreement between the Defendant and the Ohio State Dental Board.
 The Defendant moves to strike the Plaintiff's Affidavit on the basis that it contains no personal knowledge. Further, the Defendant moves to strike any claim for fraud to the Plaintiff's failure to specifically plead any allegation of fraud in her complaint. Additionally, the Defendant moves to strike the copies of the Notice of Opportunity for a Hearing and the Consent Agreement on the grounds that they are inadmissible under the Ohio Rules of Evidence.
 The Court will first address the Defendant's motion to strike the Plaintiff's claim of fraud. The crux of Plaintiff's memorandum contra defendant's motion for summary judgment is that the Plaintiff need not provide expert testimony when a dentist's conduct amounts to fraud rather than dental malpractice. Civ.R. 9(B) requires claims of fraud to be pled with particularity. In Karodi v. Minot, the Franklin County Court of Appeals stated that in Ohio:
 [i]t is . . . well established that when fraud is alleged as the basis for an action, five elements must be asserted in the complaint: (1) a false representation; (2) knowledge by the person making the representation that is false; (3) the intent by the person making the representation to induce the other to rely on that representation; (4) rightful reliance by the other to his detriment; (5) an injury as a result of the reliance. 40 Ohio App.3d 1, 3 (citations omitted).
 In this case, the Plaintiff fails to set forth any allegation of fraud in her complaint. A review of the complaint demonstrates that it is entirely based upon malpractice and infliction of emotional distress. Nowhere in the complaint does the Plaintiff assert that the Defendant made a false representation upon which the Plaintiff relied to her detriment. Moreover, the Plaintiff has not sought leave to amend the complaint. Trial in this matter is set within one week of the filing of this decision. At this point, the Defendant would be prejudiced in Defending a fraud claim without notice as to what statements were made or when they occurred. Such a result runs counter to the provisions of Civ.R.(B).
 Accordingly, the Court SUSTAINS Defendant's Motion to Strike Plaintiff's Allegation of Fraud.
 The Court will now address the Defendant's motion for summary judgment. In Harless v. Williams Day Warehousing, Inc. (1978), 54 Ohio St.2d 64, the Ohio Supreme Court stated that for summary judgment to be appropriate, it must appear that:
 (1) There is no genuine issue as to any material fact; (2) The moving party is entitled to judgment as a matter of law; (3) Reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. at 66. See also, Ohio R.Civ.P. 56(c).
 Furthermore, the burden of showing that there is no genuine issue as to any material fact is on the moving party. Harless, at 66. In considering this motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. Id. Where the nonmoving party bears the burden of production at trial, such party must produce evidence as to each issue to which the burden applies. Wing v. Anchor Media, Ltd. (1991), 59 Ohio St.3d 108. Where the non-movant fails to meet this obligation, the moving party is entitled to summary judgment. Johnson v. Great American Ins. Co. (1988), 44 Ohio App.3d 71. Additionally, "[t]he moving party cannot discharge its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(c) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293
(emphasis in original).
 The Defendant contends that he is entitled to summary judgment on the Plaintiff's claim of dental malpractice since the Plaintiff has failed to produce any expert testimony concerning the standard of care or the breach of that duty. The Plaintiff, in turn, asserts that summary judgment should not be granted because expert testimony is not required in order to prove fraud. Further, the Plaintiff submits that the conduct complained of has been confirmed by the Ohio State Dental Board as evidenced by the Notice of Opportunity for a Hearing and the Consent Agreement.
 The Court, having stricken from the record any allegation of fraud need not address that issue. Therefore, the Court is left with the issue of whether the Defendant is entitled to summary judgment on Plaintiff's malpractice allegations. "Proof of malpractice, in effect, requires two evidentiary steps: evidence as to the recognized standard of the medical community in the particular kind of case, and a showing that the physician in question negligently departed from this standard in his treatment of the plaintiff." Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 137; see also Rogoff v. King (1993), 91 Ohio App.3d 438, 445. Ohio courts hold that, in general, proof of the standard and breach must be proven by expert testimony. Bruni, supra at 130; Rogoff, supra at 445. One exception to this requirement occurs when "the lack of skill or care of the physician is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it." Rogoff, supra at 445.
 In the present case, a review of the evidence submitted for summary judgment purposes leads the Court to conclude that the Defendant is entitled to summary judgment on the Plaintiff's dental malpractice claims. The Defendant has submitted his own affidavit wherein he states that his care and treatment conformed to all standards of care. He further states that he did utilize protective rubber gloves when performing dental procedures upon the plaintiff. Additionally, he submits that he did not knowingly allow an unlicensed technician to perform a dental cleaning. In addition to his deposition, the Defendant cites to the deposition of the Plaintiff wherein she stated that she had no complications with the root canal procedure performed by the Defendant.
 In order to refute the evidence presented by the Defendant, the Plaintiff submitted her own affidavit in support of her allegations. Nowhere in the affidavit, however, does the Plaintiff state that she has any personal knowledge of actions by the defendant which would constitute dental malpractice. Specifically, she submits that she learned from Defendant's employee that an unlicensed technician performed dental procedures upon her. She further submits that "she learned of some inappropriate behavior by the Defendant."
 The Plaintiff also contends that the Notice of Opportunity for a Hearing and the Consent Agreement together evidence proof of her allegations. A review of these documents, however, shows that the Defendant was neither found to be in violation of any Dental Board By-Laws, nor did he admit to any charge.
 The Court finds that the evidence submitted by the Plaintiff is not sufficient to show that a genuine issue of material fact exists. The Plaintiff has provided no expert testimony in support of her argument. Moreover, she has no personal knowledge of any wrongdoing by the Defendant. Therefore, the Court finds that summary judgment is appropriate as to Plaintiff's claims of dental malpractice.
 The Court will now address Defendant's Motion for Summary Judgment regarding Plaintiff's claim of infliction of severe emotional distress. The Defendant asserts that he is entitled to summary judgment since the Plaintiff has failed to show any evidence of a severe emotional injury or threat of physical peril. The Plaintiff, in turn, contends that summary judgment is not appropriate since she has sought treatment for anxiety and mental anguish. The Plaintiff claims that she has suffered emotional harm from the fear of contracting the HIV virus after learning that the Defendant allegedly failed to use protective gloves.
 In Ohio, a plaintiff may maintain a claim of negligent infliction of emotional distress without sustaining an actual physical injury. Paugh v. Hanks (1983), 6 Ohio St.3d 72. Recovery, however, is limited to situations where the plaintiff is cognizant of a real danger. Heiner v. Moretuzzo
(1995), 73 Ohio St.3d 80, 86 (citing Paugh v. Hanks, supra; Schulz v. Barberton Glass Co. (1983), 4 Ohio St.3d 131).
 In the present case, the Plaintiff has failed to provide evidence entitling her to recovery for negligent infliction of emotional distress. Assuming arguendo that the Defendant failed to use protective gloves when treating the Plaintiff, the Plaintiff is nevertheless without a legal remedy. The Defendant has presented the Court with evidence that the Plaintiff was diagnosed negative for the HIV virus. Although the Plaintiff may have suffered anxiety and mental anguish, under Ohio law, she may not recover. In Heiner, supra, the Supreme Court of Ohio held that a plaintiff misdiagnosed as having contracted the HIV virus could not recover under a theory of negligent infliction of emotional distress. The Court stated:
 We have no doubt that the emotional injuries suffered by this appellant were real and debilitating. However, the facts of this case remind us that not every wrong is deserving of a legal remedy. Appellant was not HIV positive and never faced an actual physical peril as a result of appellee's alleged negligence. Id. at 88.
 Therefore, under Heiner, this Court cannot allow the Plaintiff to maintain an action for negligent infliction of emotional distress in the absence of any evidence of actual physical peril.
 In the Complaint, the Plaintiff also requests punitive damages based upon her claims for dental malpractice and infliction of emotional distress. The Court, having found that the Defendant is entitled to summary judgment on these claims, also finds that summary judgment is proper on Plaintiff's claim for punitive damages.
 Ultimately, the Court finds that no genuine issue of material fact exists as to the Plaintiff's claims of medical malpractice, negligent infliction of emotional distress, and punitive damages. The Plaintiff has failed to produce evidence demonstrating that a genuine issue of material fact exists. Therefore, the Court finds that the Defendant is entitled to judgment as a matter of law.
 Accordingly, the Court SUSTAINS Defendant's Motion for Summary Judgment.
For the reasons set forth in the trial court's decision, which we adopt as our own, both of McDaniel's assignments of error are overruled.
 III
Both of McDaniel's assignments of error having been overruled, the judgment of the trial court isAffirmed.
GRADY, P.J., WOLFF and FAIN, JJ., concur.
Copies mailed to:
Aaron G. Durden Robert F. Cowdrey Hon. Adele M. Riley