This is an accelerated appeal from a judgment of the Erie County Court of Common Pleas granting summary judgment to defendant-appellee, J.A. Smith, M.D. Appellant, Nina Smith, asserts the following assignment of error:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING DEFENDANT DOCTOR'S MOTION FOR SUMMARY JUDGMENT, BY FAILING TO RECOGNIZE THAT EXPERT TESTIMONY IS NOT REQUIRED IN THE WITHIN ACTION AS THE STANDARD OF CARE IS SUFFICIENTLY OBVIOUS THAT NON-PROFESSIONALS CAN REASONABLY EVALUATE THE CONDUCT AND THERE WAS A GENUINE ISSUE OF MATERIAL FACT."
The undisputed facts of this case are as follows. Appellee is a physician engaged in the practice of emergency medicine at Firelands Community Hospital. On July 26, 1990, appellee treated appellant for an abscess under her left arm. He drained the abscess and packed it with gauze. Appellant returned to the emergency room two days later, and appellee removed the gauze.
On April 19, 1995, appellant again arrived at the Firelands Community Hospital emergency room complaining of an abscess under her left arm. S.M. Campbell, M.D., opened the abscess and removed some "hardened caseous pustular and watery material." He then packed the abscess and referred appellant to another physician for removal of the packing.
On April 18, 1996, appellant commenced this medical malpractice suit alleging that she discovered the cause of the second abscess to be appellee's negligence in failing to fully remove the gauze packing when he treated her in July 1990.
Appellee filed a motion for summary judgment. He asserted that appellant could not produce required expert testimony to create a genuine issue of material fact on the issue of whether appellee breached his duty of care in his treatment of appellee in July 1990.
Appellee's motion was supported by his own affidavit stating that he met the appropriate standard of care of a reasonably competent emergency room physician in his treatment of appellant in July 1990. Dr. Smith further averred that he did not leave any foreign object in appellant's left arm. Appellee also used the affidavit of Dr. Campbell to support his motion. Dr. Campbell stated that when he opened appellant's abscess he found no gauze in the wound. Appellee also pointed to appellant's answers to interrogatories that simply repeated the allegation from her complaint that Dr. Smith left a foreign object in her left arm and identified that object as gauze.
In her memorandum in opposition to the motion for summary judgment, appellant argued that expert testimony is not required when the deviation from the standard of care is so obvious that a layman can evaluate the physician's conduct. She also claimed that Dr. Smith's own testimony as to his compliance with the appropriate standard of care was insufficient to give rise to appellant's burden to produce her own expert testimony. Appellant relied on her answers to interrogatories to show that a question of fact existed as to whether Dr. Smith left gauze in her arm.
On July 22, 1998, the trial court, without discussion, granted appellee's motion for summary judgment. For the following reasons, we affirm.
On appeal, appellant argues that her signed interrogatories are sufficient to create a question of fact as to the presence of gauze in her arm on April 19, 1995 and that this is a departure from the standard of care that is so obvious that she was not required to produce expert testimony.
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). Horton v. Harwick Chem.Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church
(1994), 68 Ohio St.3d 531, 535.
The burden of showing that no genuine issue of material. fact exists falls upon the party who moves for summary judgment.Dresher v. Burt (1996), 75 Ohio St.3d 280, 294. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 111. In addition, in medical malpractice cases, once the movant uses expert testimony to carry his or her burden, the non-moving party must submit contrary expert testimony to resist summary judgment, unless the standard of care is so obvious that a layman can reasonably evaluate the defendant's conduct. Whiteleather v. Yosowitz
(1983), 10 Ohio App.3d 272, 274. See, also, Bruni v. Tatsumi
(1976), 46 Ohio St.2d 127; Rogoff v. King (1993), 91 Ohio App.3d 438.
In the present case, appellant failed to offer any evidence to create a question of fact on the issue of whether Dr. Smith failed to remove all of the gauze packing from her abscess after the first surgical treatment. Her interrogatory answers consist of the same conclusory allegations set forth in her pleadings and are not specific facts creating a question of fact as to any breach of duty of care owed to her by appellee. Thus, we need not reach the question of whether appellant was required to offer an expert opinion on the relevant standard of care, and appellee's deviation from that standard.
In conclusion, the undisputed facts before the lower court demonstrate that no gauze was left in appellant's abscess. Therefore, the trial court did not err in granting appellee's motion for summary judgment. Appellant's sole assignment of error is found not well-taken.
The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. --------------------------- JUDGE
James R. Sherck, J. --------------------------- JUDGE
Richard W. Knepper, J. CONCUR. --------------------------- JUDGE