OPINION
{¶ 1} Elizabeth Wolder appeals from the judgment of the Kettering Municipal Court entered in favor of Charles DiPasquale D.D.S.
 {¶ 2} Wolder contends in this appeal that the trial court improperly granted summary judgment to Dr. DiPasquale upon her medical malpractice claim against him. Ms. Wolder originally brought her action in the court's small claims division on February 5, 2004 wherein she sought to recover $2304 dollars and interest from DiPasquale. The matter was transferred to the court's regular docket upon the defendant's motion. DiPasquale then answered and raised as a defense the statute of limitations among other defenses.
 {¶ 3} DiPasquale moved for summary judgment and attached his affidavit and the deposition of Ms. Wolder in support of his motion. The deposition established that the defendant placed a crown on one of Ms. Wolder's teeth on December 19, 2002 and she immediately began experiencing difficulty. She testified she knew there was something wrong with her tooth as soon as she left the defendant's office. She testified she didn't feel she should have all the discomfort she was experiencing and in the manner it persisted after the procedure. (Tr. 28). She testified she never returned to the defendant for further treatment, but she saw another dentist on February 18, 2003 who told her the margin around the tooth and crown wasn't correct and she should return to the defendant's office to have him redo the crown. (Tr. 32-34).
 {¶ 4} The defendant stated in his affidavit in support of his motion that he restored a crown on one of Ms. Wolder's teeth and that he did so in conformance with standard and acceptable dental practice and that no action or inaction of his caused harm to the plaintiff. He also stated that he last treated Ms. Wolder on December 19, 2002.
 {¶ 5} The plaintiff did not provide an affidavit of an expert to refute the affidavit provided by the defendant.
 {¶ 6} The defendant contended in his motion that he was entitled to summary judgment because the one year statute of limitations for bringing a malpractice action had expired and because the plaintiff had not refuted the defendant's expert testimony which he had provided in his affidavit. The magistrate recommended that summary judgment be granted the defendant and the trial court agreed.
 {¶ 7} In her brief to this court, Ms. Wolder argues the statute of limitations did not expire because she brought suit against the defendant in February 2004 and she did not receive an expert opinion until February 2003 that the crown would have to be redone. She also stated she also could not produce an expert concerning the alleged malpractice "mainly due to the expense as well as locating this particular individual." (Brief at page 4).
 {¶ 8} The appellee argues that appellant's failure to produce an expert witness was fatal to her cause of action. We agree. In Bruni v.Tatsumi (1976), 46 Ohio St.2d 127, the Ohio Supreme Court held that in order to establish a medical malpractice claim, the plaintiff must demonstrate by a preponderance of the evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care, and diligence would not have done under like or similar circumstances and that the injury complained of was the direct and proximate result of doing those particular things.Bruni at syllabus 1. Failure to establish the recognized standard of the medical community has been fatal to the presentation of a prima facie case of malpractice. Proof of the recognized standard must necessarily be provided through expert testimony. 46 Ohio St.2d at 132.
 {¶ 9} An exception to the rule requiring expert testimony exists when the lack of skill or care of the physician is so apparent as to be within the knowledge of laymen. Bruni, supra. The same rules apply to dental malpractice actions. Rogoff v. King (1993), 91 Ohio App.3d 438; seeMcDaniel v. Faust, Montgomery App. No. 17387 (January 22, 1999). The trial court properly granted summary judgment to the appellee for the failure of the appellant to produce an expert on her malpractice claim. The assignment of error is overruled.
 {¶ 10} The judgment of the trial court is Affirmed.
Grady, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District sitting by assignment of the Chief Justice of the Supreme Court of Ohio)