{¶ 45} Although I concur with the majority, I believe that the following language cited in the opinion is subject to further qualification. The majority states that: "[a]n expert opinion may be incorporated by reference into a motion for summary judgment by means of a properly framed affidavit. See e.g., Rogoff v. King (1993),91 Ohio App.3d 448, 446. However, it is axiomatic that facts presented in affidavits supporting or opposing summary judgment must be of the type which would be admissible at trial. Civ.R. 56(E), Nu-Trend Homes, Inc.v. Law Offices of DeLibera, Lyons, and Bibbo, 10th Dist. No. 01AO-1137, 2003-Ohio-1633, at 71."
 {¶ 46} This writer notes that when there is no timely objection to submissions that otherwise could be excluded, the trial court might include such material in its analysis regarding a decision on a motion for summary judgment. Rodger v. McDonald's Restaurants of Ohio, Inc.
(1982), 8 Ohio App.3d 256, at paragraph one of the syllabus; Chiles v.Cuyahoga Community College (Dec. 5, 1996), 8th Dist. No. 70658, 1996 Ohio App. LEXIS 5466, at 4; Christe v. GMS Mgt. Co., Inc. (1997),124 Ohio App.3d 84, 90; Sreshta v. Kaydan (May 6, 1999), 8th Dist. No. 74081, 1999 Ohio App. LEXIS 2066, at 6-7; Jarrell v. Englefield
(Mar. 17, 2000), 11th Dist. No. 98-P-0105, 2000 Ohio App. LEXIS 1076, at 2; Ryser v. Conrad (Mar. 31, 2000), 11th Dist. No. 98-T-0088, 2000 Ohio App. LEXIS 1428, at 8; Kanu v. George Dev., Inc., 6th Dist. Nos. L-02-1140 and L-02-1139, 2002-Ohio-6356, at ¶ 13. (Citations omitted.