DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the Ottawa County Court of Common Pleas' March 2, 2005 judgment which granted summary judgment in favor of appellee, H.B. Magruder Memorial Hospital, and denied appellants' motion for relief from the court's August 6, 2004 judgment granting summary judgment to appellees, David Rickson, M.D. and Port Clinton Emergency Room Physicians, Inc. Because we conclude that appellants failed to demonstrate a genuine issue of fact for trial, we affirm the trial court's judgment.
 {¶ 2} On July 14, 2003, appellants, Retsy and Stanley Cutcher, filed a complaint against appellees, H.B. Magruder Memorial Hospital ("Magruder"), David Rickson, M.D., and Port Clinton Emergency Room Physicians, Inc., alleging medical negligence in the emergency room treatment of Retsy Cutcher. In their respective answers, appellees denied liability.
 {¶ 3} On June 10, 2004, appellees, Dr. Rickson and Port Clinton Emergency Room Physicians, Inc., filed a motion for summary judgment arguing that the appellants failed to support their claim with expert testimony establishing the standard of care, Dr. Rickson and Port Clinton Emergency Room Physicians, Inc.'s failure to meet that standard of care, and a causal connection between the alleged failure and the damages suffered by appellants. Appellants filed a motion for an extension of time to file their opposition; however, no opposition was filed and on August 6, 2004, the motion was granted.
 {¶ 4} On December 6, 2004, Magruder filed its motion for summary judgment mirroring the arguments made by Dr. Rickson and Port Clinton Emergency Room Physicians, Inc. On January 27, 2005, appellants filed a brief in opposition asserting that their discovery responses clearly identify Mrs. Cutcher's medical providers as expert witnesses. Specifically, Dr. Stephen Lacey's report was attached in response to interrogatory number nine and opines that Mrs. Cutcher did not receive proper wound care.
 {¶ 5} In conjunction with their brief in opposition, appellants filed a Civ.R. 60(B) motion for relief from the court's August 6, 2004 judgment awarding summary judgment to Dr. Rickson and Port Clinton Emergency Room Physicians, Inc. Appellants argued that there was a delay in securing an expert's report and that, on July 1, 2004, appellants' counsel forwarded the answers to interrogatories, including Dr. Lacey's report, to all appellees. According to appellants' counsel, Dr. Rickman and Port Clinton Emergency Room Physicians, Inc., after receipt of appellants' expert's report, agreed that the report created an issue of fact and that they would be withdrawing their motion. Appellants indicated that they were not aware that the motion had not been withdrawn and that the appellees were granted summary judgment, until December 2004.
 {¶ 6} In Magruder's February 3, 2005 reply to appellants' opposition to its motion for summary judgment, Magruder argued that appellants' expert report was not authenticated and, thus, not proper summary judgment evidence under Civ.R. 56(C) and (E). Magruder further noted that the answers to interrogatories were neither signed nor certified.
 {¶ 7} On March 2, 2005, the trial court, finding that the expert's report was not proper Civ.R. 56 evidence, granted Magruder's motion for summary judgment and denied appellants' motion for relief from judgment. This appeal followed.
 {¶ 8} Appellants have presented the following assignment of error for our review:
 {¶ 9} "I. The trial court erred when it granted defendants-appellees' motions for summary judgment and when it denied appellants' Rule 60 motion for post-judgment relief, as pursuant to Civ.R. 56(C) the report of appellants' expert witness was properly in evidence before the trial court."
 {¶ 10} We first note that as to the court's award of summary judgment in favor of Magruder, appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. Of Commrs.
(1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 11} Regarding the court's denial of appellants' Civ.R. 60(B) motion for relief from judgment, in order to prevail under a Civ.R. 60(B) motion, a moving party must demonstrate that:
 {¶ 12} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Indus., Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 13} The moving party must establish all three of these requirements in order for the motion to be granted. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20. We further note that the decision of whether to grant relief from judgment is within the sound discretion of the trial court. Id. Absent a showing of abuse of discretion, the decision of the trial court with respect to a Civ.R. 60(B) motion will not be reversed on appeal. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} Keeping the above-quoted standards in mind, we turn to the merits of appellants' assignment of error. Appellants contend that the trial court erred when it determined that appellants' expert report was not properly before the court. Specifically, appellants claim that the court erred in its interpretation of the Eighth Appellate District case captioned Rogoff v. King (1993), 91 Ohio App.3d 438.
 {¶ 15} In Rogoff, the appellants, in support of their opposition to summary judgment, attached an expert medical report and a supplemental expert report. The court found that
 {¶ 17} "appellants' unsworn expert medical reports are not `sufficient and acceptable' evidentiary materials as contemplated by Civ.R. 56(C) and (E). * * *. The proper procedure for the introduction of evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate the material by reference into a properly framed affidavit. * * *. In the present case, the above expert medical reports were not incorporated by reference into a properly framed affidavit." (Citations omitted.) Id. at 446.
 {¶ 18} Appellants contend that Rogoff actually supports their argument that the expert report was admissible in that it quotes the language of Civ.R. 56(C), which permits the submission of answers to interrogatories absent an accompanying affidavit. Although we agree with the Rogoff
court's interpretation of Civ.R. 56, we disagree with appellants' application of Rogoff to the facts of this case.
 {¶ 19} First, the answers to interrogatories do not conform to Civ.R. 33(A) as they are unsigned and unsworn. Civ.R. 33(A) provides, in relevant part: "Each interrogatory shall be answered separately and fully in writing under oath, * * *. The answers are to be signed by the person making them, and the objections signed by the attorney making them." Thus, it would have been erroneous for the trial court to consider such answers to interrogatories in considering appellants' motion for summary judgment. Erne v. Emery (Oct. 28, 1988), 6th Dist. No. OT-88-11, citingKabbaz v. Prudential Ins. Co. (1985), 27 Ohio App.3d 254, 255, andAllstate Ins. Co. v. Rule (1980), 64 Ohio St.2d 67.
 {¶ 20} Additionally, we find that appellants attempt to bootstrap an unsworn expert report, which lacked an affidavit, onto improperly submitted interrogatories was improper. Again, as stated in Rogoff,
unsworn medical reports are not "sufficient and acceptable" evidentiary materials and must be incorporated by reference into a "properly framed affidavit."
 {¶ 21} Based on the foregoing, we find that the trial court properly found that appellants failed to present specific facts demonstrating that a genuine issue of fact remained for trial. We further find that the trial court did not abuse its discretion when it denied appellants' motion for relief from judgment. Thus, appellants' assignment of error is not well-taken.
 {¶ 22} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.