DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Linda Urda, appeals the judgment of the Summit County Court of Common Pleas, which granted summary judgment to appellees, Buckingham, Doolittle Burroughs, LLP, and Robert Briggs. For the reasons that follow, this Court dismisses the appeal for lack of a final, appealable order.
 I. {¶ 2} Appellant is a professional, non-attorney with training and experience in nonprofit programming and management. In 1992, appellees hired her as a part-time at-will employee to perform research, writing and grant evaluation for the GAR Foundation trust ("GAR"), with which appellees had significant managerial involvement. In 1996, appellee Briggs appointed her as the Associate Director of GAR. In that capacity, appellant was responsible for supervising GAR staff, developing proactive initiatives and grantmaking. Appellee Briggs became the Executive Director and co-trustee of GAR in 1994. He also served as the President and Chairman of the Board of Managers of appellee Buckingham, Doolittle Burroughs, LLP ("BDB") from 1990 until 2000. From 1995 until 2000, appellant assumed a significant role in the administration and management of GAR matters for appellees.
 {¶ 3} In 2000, appellee Briggs assumed a more active role in the management and administration of GAR. A tension arose between appellant and appellee Briggs in regard to their roles in relation to GAR. In June 2001, appellee Briggs removed appellant as the Associate Director of GAR and reduced her responsibilities and supervisory role in relation to GAR staff. Appellant alleged that she further did not receive her traditional end-of-year raise and that she received a smaller bonus than in previous years. Appellant described her new role as a demotion, while appellees described it as a reassignment. In April 2002, the day after appellant participated in a GAR staff meeting, appellees terminated appellant's employment with BDB.
 {¶ 4} On November 15, 2002, appellant filed a complaint alleging retaliation in violation of public policy in count one, violation of R.C. 4113.52 in count two, breach of contract in count three, promissory estoppel in count four, fraudulent misrepresentation in count five, and age discrimination in count six. Appellees filed a motion for summary judgment, appellant responded in opposition and appellees replied. The trial court granted appellees' motion for summary judgment. Appellant timely appealed, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED ON THE PUBLIC POLICY TORT WHERE URDA PRESENTED EVIDENCE OF A PRIMA FACIE CASE OF RETALIATION IN VIOLATION OF PUBLIC POLICY WHEN SHE WAS DEMOTED AND FIRED."
 ASSIGNMENT OF ERROR II
"SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED BECAUSE NOT ALL OF THE CLAIMS ALLEGED IN COUNT ONE WERE RESOLVED."
 ASSIGNMENT OF ERROR III
"SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED ON THE AGE DISCRIMINATION CLAIM BECAUSE URDA ESTABLISHED A PRIMA FACIE CASE, BECAUSE NUMEROUS ISSUES OF FACT REMAINED FOR TRIAL, AND BECAUSE ISSUES OF PRETEXT SHOULD HAVE PREVENTED THE LOWER COURT FROM DECIDING WHICH PARTY ACCURATELY PRESENTED FACTS."
 {¶ 5} This Court first addresses appellant's argument that the trial court failed to address all of appellant's pending claims, so that the trial court's February 8, 2005 order is not a final, appealable order. If the trial court's February 8, 2005 order is not a final, appealable order pursuant to Section 2505.02 of the Ohio Revised Code, the Ohio Rules of Appellate Procedure and Civ.R. 54(B), this Court does not have jurisdiction to hear the appeal.
 {¶ 6} R.C. 2505.02 limits appellate jurisdiction to a review of orders. In Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 215, this Court explained that "the primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution."
 {¶ 7} Civ.R. 54(B) provides:
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer that all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 8} In the first count of appellant's complaint, she alleged "Retaliation in Violation of Public Policy." Specifically, appellant alleged that appellees retaliated against her "by demoting her, humiliating her, creating an environment in which she could not perform her assigned duties, then terminating her" in violation of public policy as premised on Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228. Although Greeley involved an employee who was terminated in violation of public policy, the Ohio Supreme Court held that "[p]ublic policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute." (Emphasis added.) Greeley, 49 Ohio St.3d at paragraph one of the syllabus. The threshold issue before this Court is whether appellant has pled multiple claims in her first count and, if so, whether the trial court addressed all the claims.
 {¶ 9} Although there have been prior cases before this Court involving plaintiffs who were not terminated, the plaintiffs in those cases pursued their public policy claims in terms of constructive discharge. See, e.g., Wiles v. Medina Auto Parts (June 6, 2001), 9th Dist. No. 3131-M (judgment affirmed by Wiles v. Medina Auto Parts, 96 Ohio St.3d 240,2002-Ohio-3994); Harold v. Bridgestone/Firestone, Inc. (Sept. 16, 1998), 9th Dist. No. 18915. This Court, however, agrees with our colleagues in other districts who have held that a plaintiff may pursue a common law claim for wrongful demotion in violation of public policy as a distinct cause of action. See Powers v. Springfield City Schools (June 26, 1998), 2d Dist. No. 98-CA-10; Lawson v. AK Steel Corp. (1997),121 Ohio App.3d 251, 255. As did the Second District, this Court finds the statutory language of R.C. 4113.52, which proscribes retaliatory conduct against employees who report violations of law, instructive. Powers. R.C. 4113.52(B) defines disciplinary or retaliatory action as:
"(1) Removing or suspending the employee from employment;
"(2) Withholding from the employee salary increases or employee benefits to which the employee is otherwise entitled;
"(3) Transferring or reassigning the employee;
"(4) Denying the employee a promotion that otherwise would have been received;
"(5) Reducing the employee in pay or position."
 {¶ 10} This Court must, therefore, determine whether appellant has pled a separate claim alleging wrongful demotion in violation of public policy as distinct from her claim alleging wrongful termination in violation of public policy.
"The term `claim,' as used in the context of Civ.R. 54(B), refers to a set of facts which give rise to legal rights, not to the various legal theories of recovery which may be based upon those facts. Unless a separate and distinct recovery is possible on each claim asserted, multiple claims do not exist." (Internal citations omitted.) Aldrete v.Foxboro Co. (1988), 49 Ohio App.3d 81, 82, quoting Watkins, Bates,Handwork, Gross, Mills Guthrie v. Upp (Sept. 21, 1984), 6th Dist. No. L-84-100.
 {¶ 11} In this case, appellant alleges that appellees demoted her in June 2001 in retaliation for advocacy for an open review of conflict of interest issues regarding the relationship between appellees and GAR. Appellant alleges that she suffered damages as a result of the demotion in that she did not receive the traditional end-of-year raise and that she received a smaller bonus than in the past. In addition, appellant alleges that those whom she had supervised in the past became her supervisors upon her reassignment, resulting in her embarrassment and humiliation. On the other hand, appellant alleges that appellees terminated her approximately ten months later in retaliation for her presentation at a staff meeting on April 18, 2002, at which appellant criticized a co-worker's report regarding a proactive initiative, which appellant supported. As a result of her termination, appellant lost on-going wages and benefits. Appellant's damages for the loss of employment would have necessarily been distinct from her damages as a result of her demotion/reassignment. Accordingly, this Court finds that appellant has set forth multiple claims in the first count of her complaint, to wit: one claim of wrongful demotion in violation of public policy and one claim of wrongful termination in violation of public policy.
 {¶ 12} Before this Court has jurisdiction to consider appellant's appeal, the trial court necessarily must have either disposed of every claim in the order on appellees' motion for summary judgment or disposed of fewer than all the claims while expressly determining that there is no just reason for delay. The trial court did not include an express determination in its February 8, 2005 order that there is no just reason for delay. This Court must then determine whether the trial court disposed of both public policy claims in appellant's first count.
 {¶ 13} This Court agrees with appellees that the trial court need not enunciate any definitive statement concerning the court's rationale for granting a motion for summary judgment. Rogoff v. King (1993),91 Ohio App.3d 438, 449. In fact, the trial court need not issue anything more than "a clear and concise pronouncement of the judgment" in its ruling on a motion for summary judgment. Id. However, it is axiomatic that the trial court may not grant summary judgment in regard to any claim, where a party has not moved for judgment in regard to that claim.
 {¶ 14} The trial court analyzed appellees' motion for summary judgment in regard to the first count only in regard to appellant's claim for wrongful discharge in violation of public policy. A careful scrutiny of appellees' motion for summary judgment indicates that, while appellees set forth a general recitation of facts regarding appellant's demotion/reassignment, appellees confined their argument regarding the first count to appellant's claim for wrongful termination. Appellees cited appellant's theory of her claim as that "she was terminated for making misguided `reports' about ethical or tax code matter she did not understand[.]" Appellees repeatedly addressed appellant's discharge, but never once argued in terms of her demotion. Under the circumstances, this Court finds that appellees failed to move for summary judgment in regard to appellant's claim for wrongful demotion in violation of public policy. Because appellees did not move for summary judgment in regard to appellant's wrongful demotion claim, the trial court necessarily could not have granted summary judgment in regard to that claim. Although a trial court cannot sua sponte grant summary judgment on a claim, such action would be error but still appealable. Here, though, the trial court made no ruling on the claim at all. In a fifteen-page opinion, the trial court, under separate headings, laid out what it considered the claims to be and then granted summary judgment on those claims. The trial court did not mention appellant's claim for wrongful demotion in violation of public policy, nor did it dismiss the claim in its entirety. Accordingly, the trial court failed to dispose of all claims in its February 8, 2005 order on appellees' motion for summary judgment.
 {¶ 15} Further, because the trial court failed to note its express determination that there is no just reason for delay, as required by Civ.R. 54(B), the trial court's February 8, 2005 order is not final and appealable. Accordingly, this Court does not have jurisdiction to consider appellant's appeal. The appeal is dismissed for lack of a final, appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J. concurs
 Slaby, P.J. Concurs in Judgment only.