OPINION
{¶ 1} This is an appeal from a judgment of the Common Pleas Court of Delaware County which was submitted on an agreed stipulation of facts, together with exhibits and briefs.
 STATEMENT OF THE FACTS AND CASE {¶ 2} David and Mary Ann Pemberton and Fatanna and Howard Smith acquired certain tracts of land from Virginia F. Ihle, widow of Dr. Laurence M. Ihle. These parcels constituted all of the land owned by Virginia Ihle in the area concerned by this action.
 {¶ 3} In 1954, Lawrence M. and Virginia F. Ihle conveyed certain land to Appellee, City of Columbus, for the Big Walnut Water Project (Hoover Dam and Reservoir). The Ihle's at such time owned horses, and a barn was also located on their property. They desired to have the ability to water their horses, trim grass and growth and use the existing barn, all of which required access to or over the conveyed parcel.
 {¶ 4} The deed prepared by the attorney on behalf of Appellee did not reserve any of the desired access or rights of use.
 {¶ 5} According to Mrs. Ihle, such attorney assured her and her late husband that such rights would be granted.
 {¶ 6} Such attorney, Mr. Larva, now deceased, had issued a letter to the Ihles on July 30, 1954, which stated in part:
 {¶ 7} "2. You are permitted access over the above land to the water, at your own risk, for watering and grazing the horses.
 {¶ 8} "3. You may enter upon said land, at your own risk and expense, to trim grass, shrubs, and other growth which you desire.
 {¶ 9} "4. Approval of the above by City Council.
 {¶ 10} "5. You may remove and re-use any fences now located in the take area of your farm at your own risk and expense.
 {¶ 11} "6. You may use present barn for general purposes until December 31, 1954 or any subsequent date until it becomes necessary to remove same from City premises."
 {¶ 12} Ordinance 1160-54, being the enabling action taken by the City Council of Appellee also provided similar provisions after the respective legal descriptions of the land being acquired from the Ihle's:
 {¶ 13} "* * * from Laurence M. Ihle and Virginia F. Ihle and any other person or persons having an interest thereto for the sum of $14,500.00 and compensation for damages to the remainder in the sum of $5,500.00. Same to be free and clear of all encumbrances excepting taxes due the December, 1954 collection period and thereafter; as additional consideration, said owners are permitted access over said land to the water at their own risk for watering and grazing livestock; said owners may enter upon said land, at their own risk and expense, to trim grass and other growth which they may desire; said owners also may remove any fences on said property at their own risk; and said owners may use a barn on said property at their own risk, until December 31, 1954 and until the city notifies said owners that the city will remove said barn; provided, however, that the city may enter upon said land for purposes of clearing and grubbing the land for the reservoir area."
 {¶ 14} In 1982, Appellants Pembertons wished to stake their boat off the Hoover Reservoir shoreline without rental fees required by ordinance of a Land Stewardship Agreement due to a claimed easement arising out of the 1954 acquisition by Appellee from the Ihles.
 {¶ 15} Appellee at such time took the position that the uses stated in the Ordinance as to acquisition were inapplicable to such Appellants.
 {¶ 16} Appellants commenced this action on September 19, 2005, seeking to establish the grant of easement, reformation of the Ihle's deed to Appellee or, in the alternative, order the granting of an easement, a restraining order, declaration of unconstitutionality of the rental ordinance and other relief.
 {¶ 17} The Court found in favor of Appellee and this appeal resulted.
 {¶ 18} In addition, the Judgment Entry contains the following footnote:
 {¶ 19} "The Complaint also asserts claims by Fatanna and Howard Smith. Apparently, Fatanna Davis married Howard Smith some time after she and her former husband (Melvin Davis) purchased part of the Isles' [SIC] remaining property. However, plaintiffs' counsel advised the court orally that the [SIC] these [SIC] additional plaintiffs have withdrawn their claims, and the stipulated evidence fails to support any claim by them. Therefore, the court dismisses the claims by plaintiffs Fatanna and Howard Smith with prejudice at their own costs."
 {¶ 20} The Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 21} "I. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFFS-APPELLANTS FANTANNA SMITH'S AND HOWARD SMITH'S CLAIMS WITH PREJUDICE.
 {¶ 22} "II. THE TRIAL COURT ERRED IN NOT REFORMING THE DEED FROM LAURENCE IHLE AND VIRGINIA IHLE CONVEYING PART OF THEIR PROPERTY TO DEFENDANT-APPELLEE CITY OF COLUMBUS TO INCLUDE, AS A RESERVED EASEMENT FOR THEIR REMAINING PROPERTY, THOSE RIGHTS SET FORTH AS `ADDITIONAL CONSIDERATION' IN THE ORDINANCE OF DEFENDANTA-PPELLEE CITY OF COLUMBUS WHICH AUTHORIZED THE PURCHASE OF PART OF THEIR PROPERTY."
 I. {¶ 23} The First Assignment asserts error in the dismissal of Appellants Smiths' claims as stated in the quoted footnote of the opinion.
 {¶ 24} Appellants argue error in that the dismissal by the court is not appropriate under Civil Rule 41 and Judge Markus'sTrial Handbook for Lawyers. Judge Markus, by assignment, was the trier of fact in this case.
 {¶ 25} Civil Rule 41(A) permits dismissal prior to trial by filing notice of dismissal. This footnote would imply dismissal prior to trial as it was prior to the rendering of the opinion as no testimony was taken. Such rule does not indicate the method of giving notice. Civil Rule 41(A)(2) states that a court order is required. Since the footnote was contained in the opinion, this is within a court order. Such rule also states upon such terms and conditions as the court deems proper. In this case, the court deemed dismissal with prejudice proper due to a failure of proof.
 {¶ 26} Judge Markus's handbook also states a court order is required for an oral dismissal, which, as stated above, occurred.
 {¶ 27} We therefore reject the First Assignment of Error.
 II. {¶ 28} Second Assignment discusses several questions such as to standing of Appellants as subsequent grantees from Mrs. Ihle and non-joinder of parties. Clearly, as stated as long ago asBroadwell v. Phillips (1876), 30 Ohio St. 259: "Equity will permit the reformation of a written instrument as between the original parties but also as to parties in privity with them." We do not disagree with Appellants as to these matters, but, as the court made no adverse rulings as to Appellants with respect to these issues, we find it unnecessary to address such.
 {¶ 29} Another aspect of the case sub judice is the question of the statute of limitations. Revised Code § 2305.14 seems to indicate a ten-year statute which runs from the time of execution of the instrument which in the case sub judice was 1954, and not upon discovery. Bryant v. Swetland (1891), 48 Ohio St. 194. This was raised by Appellee in its Answer, but not included in Judge Markus's opinion and, therefore, we need not be concerned with it.
 {¶ 30} The standard as to proof required, as Judge Markus correctly stated is that of clear and convincing evidence.Harrold v. Homsher, (Sept. 9, 2002), 3rd Dist. App., 2002-Ohio-4688.
 {¶ 31} Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the truth of the allegations sought to be established.
 {¶ 32} To assert error in the court's determination as to whether the difficult burden of proof by clear and convincing evidence has not been met, we must find that the manifest weight of the evidence does not support the court's conclusions.
 {¶ 33} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 34} Judge Markus, in his usual well-reasoned opinion, found that a license as to use rather than an easement was the subject of both the letter from Attorney Larva and the corresponding ordinance of Appellee.
 {¶ 35} As noted in the opinion, unless expressly reserved, a license does not run with the land and is terminated by conveyance. Countywide Landfill, Inc. v. Charton (October 23, 1993), Stark App. No. CA9203.
 {¶ 36} DePugh et al v. Mead Corporation (1992),79 Ohio App.3d 503, states in part:
 {¶ 37} "Term `license' denotes interest in land in possession of another which entitles owner of interest to use of land, arises from the consent of the one whose interest in the land used is affected thereby, is not incident to an estate in the land, and is not an easement.
 {¶ 38} "* * *
 {¶ 39} "License is a personal, revocable, and nonassignable privilege, conferred either by writing or parol, to do one or more acts upon land without possession of any interests in the land."
 {¶ 40} In addition, Phoenix Concrete, Inc., et al vs.Reserve-Creekway, Inc., (1995), 100 Ohio App.3d 397, states:
 {¶ 41} "`Reformation' is equitable remedy whereby court modifies instrument which, due to mutual mistake on part of original parties to instrument, does not evince actual intention of those parties. R.C. § 2719.01."
 {¶ 42} It is also interesting to note that, had the court found reforming the deed to be appropriate, the effects thereof may not have been beneficial to the desires of Appellants as to staking their boats without rental fees as the matters sought to be established to justify reformation concerned watering horses and clearing growth. An easement cannot be enlarged beyond the original grant or reservation unilaterally.
 {¶ 43} As quoted from earlier rulings by this Court in Stateof Ohio ex rel. Fisher v. McNutt (April 17, 1992), Stark App. No. CA 91-16, unreported:
 {¶ 44} "No man can impose a new restriction or burden on his neighbor by his own act, and for this reason, an owner of an easement cannot, by altering his dominant tenement, increase his right.
 {¶ 45} "A right of way appurtenant to the dominant tenement can be used only for the purpose of passing to or from their tenement. It cannot be used for any purpose unconnected with enjoinment of the dominant tenement, neither can it be assigned by him to a stranger, and so be made a right in gross. Nor can he license a stranger to use the way when he is not going to or from the dominant tenement."
 {¶ 46} In conclusion, the evidence supports the findings of the court and we cannot substitute our judgment for the findings of the common pleas court.
 {¶ 47} This cause is affirmed at Appellants' costs.
By: Boggins, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellants.