DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Defendant-Appellant Adolph Johnson Son Co. has appealed the order of the Summit County Court of Common Pleas which entered final judgment in favor of Plaintiff-Appellee Spano Brothers Construction Co., Inc. This Court dismisses the appeal.
 I {¶ 2} On March 8, 2002, Plaintiff-Appellee Spano Brothers Construction Co., Inc. ("Spano") filed a complaint against Defendant-Appellant Adolph Johnson Son Co. ("AJS") and Sheetz, Inc. ("Sheetz"), alleging a breach of contract, violation of the Ohio Prompt Payment Act, and unjust enrichment. Spano voluntarily dismissed Sheetz on January 17, 2003.
 {¶ 3} On September 17, 2003, Spano filed a motion for summary judgment. On October 29, 2003, the trial court granted Spano's motion for summary judgment on the breach of contract claim, and denied the motion for summary judgment on Spano's remaining claims and issues. The court then ordered the parties to mediation on the issue of damages.
 {¶ 4} On November 17, 2003, AJS filed a motion for reconsideration or in the alternative, request for 54(B) certification. AJS's motion requested that the court reconsider its decision in light of recently filed deposition testimony. In the alternative, the motion requested that the court reduce the October 29, 2003 order to a final judgment, pursuant to Civ.R. 54(B) so that it could be immediately appealed. On December 18, 2003, the trial court overruled the motion for reconsideration and granted the motion for Civ.R. 54(B) certification.
 {¶ 5} AJS timely appealed, and this Court dismissed the appeal for lack of a final, appealable order.[1] The case proceeded to a jury trial on September 27 and 29, 2005. Because the trial court had granted Spano's motion for summary judgment on the breach of contract claim, the sole issue presented at trial was the amount of damages for that claim.
 {¶ 6} On September 29, 2005, the jury awarded Spano $43,502.56 in damages. The trial court entered final judgment reflecting that verdict on October 4, 2005.
 {¶ 7} AJS has timely appealed, asserting three assignments of error. The assignments of error have been consolidated for our review.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF SPANO BROTHERS CONSTRUCTION CO., INC."
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR RECONSIDERATION OF DEFENDANT ADOLPH JOHNSON SON CO."
 Assignment of Error Number Three
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT SUBMITTING THE ISSUE OF BREACH OF CONTRACT TO THE JURY AND NOT ALLOWING ADOLPH JOHNSON TO SUBMIT EVIDENCE OF ITS OWN DAMAGES."
 {¶ 8} In its first assignment of error, AJS has argued that the trial court erred when it granted summary judgment to Spano. In its second assignment of error, AJS has argued that the trial court erred in overruling its motion for reconsideration. In its third assignment of error, AJS has argued that the trial court erred by not submitting the issue of breach of contract to the jury and not allowing AJS to submit evidence of its own damages to the jury. We find that we lack jurisdiction to hear the instant appeal.
 {¶ 9} This Court only has jurisdiction to review and affirm, modify, or reverse the judgment or final order of a trial court. App.R. 12(A)(1)(a); R.C. 2505.02. As this Court has explained "`the primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution.'" Urda v.Buckingham, Doolittle Burroughs, LLP, 9th Dist. No. 22547,2005-Ohio-5949, at ¶ 6, quoting Harkai v. Scherba Industries,Inc. (2000), 136 Ohio App.3d 211, 215. When more than one claim is presented in an action, a court may enter final judgment as to one or more, but fewer than all of the claims only if it expressly determines that "there is no just reason for delay." Civ.R. 54(B). Absent such a determination, any order which presumes to adjudicate fewer than all the claims does not terminate any of the claims, and therefore, is not a final, appealable order. Id. See Urda at ¶ 7.
 {¶ 10} With regard to the phrase "there is no just reason for delay," it is this Court's position that:
"[T]hese seven words are mandatory. As delineated * * * this language is not a meaningless litany, but mandatory. Its omission is fatal not only to the order's finality, but also this Court's jurisdiction. Absent such certification by the trial court, the action remains interlocutory." (Quotations and citations omitted). David Moore Builders, Inc. v. Hudson Village JointVenture et. al., 9th Dist. No. 21702, 2004-Ohio-1592, at ¶ 7
Further, "[t]his Court is required to raise jurisdictional issues involving final appealable orders sua sponte." State v.Hoelsher, 9th Dist. No. 05CA0085-M, 2006-Ohio-3531, at ¶ 10.
 {¶ 11} In the present case, Spano's original complaint asserted three claims: 1) breach of contract; 2) violation of the Prompt Payment Act; and 3) unjust enrichment. In its October 29, 2003 decision, the trial court specifically granted summary judgment in favor of Spano on the breach of contract claim, but denied summary judgment on all remaining claims and issues. Specifically, summary judgment was denied as to the prompt payment and unjust enrichment claims.
 {¶ 12} After AJS moved and was granted Civ.R. 54(B) certification, this Court dismissed their appeal for lack of a final appealable order. We specifically held that an order which determined liability but deferred on the issue of damages is generally not a final appealable order. However, neither this Court, nor the parties in their briefs, made mention of Spano's outstanding claims.
 {¶ 13} Ultimately, the case went to trial before a jury on the issue of damages for the breach of contract claim. On September 29, 2005, the jury found in favor of Spano for purposes of damages and awarded them $43,502.56. On October 4, 2005, the trial court entered an order journalizing the jury verdict. Specifically, the order stated: "On Plaintiff's action for breach of contract, the jury returned a verdict in favor of Plaintiff and assessed damages[.]" Notably, the order did not contain the requisite Civ.R. 54(B) language.
 {¶ 14} Therefore, according to the record, AJS has appealed from an order which adjudicated one of three claims against them, yet did not contain the phrase "there is no just reason for delay." Thus, it is incumbent on this Court to determine if Spano's prompt payment and unjust enrichment claims were appropriately dismissed or whether they remained pending at the time of the present appeal.
 {¶ 15} The record is conspicuously silent on the pending claims following the trial court's grant of summary judgment to Spano on the breach of contract claim. From this silence, it could be presumed that Spano had dismissed the claims but there is no evidence of any such dismissal in the record. However, the trial transcript provides some insight as to the fate of Spano's prompt payment and unjust enrichment claims.
 {¶ 16} Prior to the start of trial, an exchange occurred on the record between counsel and the court. While discussing motions in limine, counsel for AJS inquired whether Spano was waiving their claim under the Prompt Payment Act. Counsel for Spano clarified that Spano had not pursued that claim for "some time" and the case was simply a matter of the breach of contract. The trial court then took note of the clarification for the record.
 {¶ 17} While this exchange was presumably intended to be a voluntary dismissal of Spano's prompt payment and unjust enrichment claims, we find that such a dismissal was improper under the Civil Rules of Procedure. Therefore, the dismissal was invalid and the pending claims remain unresolved.
 {¶ 18} Civ.R. 41(A) governs voluntary dismissals in civil actions. Civ.R. 41(A)(1)(a)-(b) states that plaintiff may, without an order of the court, dismiss all claims against a defendant by doing either: 1) filing a notice of dismissal at any time prior to the start of trial; or 2) filing a stipulation of dismissal signed by all parties who have appeared in the action. Civ.R. 41(A)(2) governs voluntary dismissals by order of the court, and states in relevant part:
"Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper."
Accordingly, if a plaintiff wishes to dismiss a claim in a way other than filing a notice prior to trial or filing a stipulation, it may do so, but only by the leave of the court, and only upon that court issuing an order. See Pemberton v.Columbus, 5th Dist. No. 05-CAH-08-052, 2006-Ohio-3143, at ¶ 25
(holding that an oral dismissal at trial was valid because it was documented in the court's opinion).
 {¶ 19} In the present case, the record is clear that Spano never filed a dismissal of its claims. It is equally clear that they did not file a stipulation of dismissal signed by all of the parties to the action. Further, even if this Court were to construe the verbal exchange detailed above as an oral voluntary dismissal, it is evident from the record that the court did not journalize the dismissal in a court order. While the court noted Spano's clarification on the record, "it is axiomatic that `[a] court of record speaks only through its journal[.]'" Haddad v.English (2001), 145 Ohio App.3d 598, 605, quoting Schenley v.Kauth (1953), 160 Ohio St. 109, paragraph one of the syllabus.
 {¶ 20} Therefore, this Court concludes that Spano never properly dismissed its prompt payment and unjust enrichment claims. Consequently, these two claims were never adjudicated and remain pending. As such, the trial court's final order with regard to the breach of contract required the phrase "there is no just cause for delay" to constitute a final appealable order. Because the court's October 4, 2005 order lacked the requisite Civ.R. 54(B) language, it remains interlocutory and this Court lacks jurisdiction to hear the appeal. See David Moore Builders
at ¶ 7.
 III {¶ 21} Based on the foregoing, the instant appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J., Boyle, J., concur.
[1] Despite the trial court's addition of the requisite 54(B) language, this Court stated, "[a]n order determining liability but deferring the issue of damages is generally not a final appealable order [.]"