{¶ 51} I respectfully dissent as to the majority's resolution of Dealers' first three assignments of error as SOA did not move for summary judgment on the damages portion of the claims based on res judicata, collateral estoppel, or any other theory. If a party does not move *Page 22 
for summary judgment on a claim, "the trial court necessarily could not have granted summary judgment in regard to that claim. * * * [A] trial court cannot sua sponte grant summary judgment[.]" Urda v. Buckingham,Doolittle Burroughs, LLP, 9th Dist. No. 22547, 2005-Ohio-5949, at ¶ 14. Thus, SOA was not entitled to summary judgment on their claims for damages.
 {¶ 52} Based on the foregoing, I would hold that the trial court improperly granted summary judgment to SOA and would sustain Dealers' first three assignments of error and reverse the judgment of the trial court. I would then remand the matter to the trial court for further proceedings and to address the issue raised in Dealers' fifth assignment of error. I concur with the majority's resolution of Dealers' fourth assignment of error. *Page 1