[Cite as *St. Croix, Ltd. v. Damitz*, 2012-Ohio-1325.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ST. CROIX, LTD.

    Appellant

    v.

KATHLEEN DAMITZ, et al.

    Appellees

C.A. Nos.     25629, 25630

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2008-06-4596

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

---

CARR, Judge.

{¶1}   Appellant, St. Croix, Ltd., appeals the judgment of the Summit County Court of Common Pleas. This Court reverses.

{¶2}   This decision replaces this Court's prior decision issued December 7, 2011, pursuant to our journal entry issued March 21, 2012.

I.

{¶3}   This case arises out of a dispute between a landowner and a gas and oil recovery business. Appellee, Kathleen Damitz, owns real property which is the subject of an oil and gas lease held by St. Croix. In 1991, when St. Croix had two wells on her property, Ms. Damitz sued to enjoin St. Croix from placing any additional wells on her property. In 1992, the parties entered into a settlement agreement in which St. Croix was permitted to drill a third well, but no more. Soon thereafter, St. Croix drilled its third well. In 2008, St. Croix obtained a drilling permit with the intent of utilizing one of the existing wellheads on Ms. Damitz' property to

conduct what it called "secondary recovery" operations, whereby it would plug back the existing well to a certain depth and drill in another direction from the point of the plug back. St. Croix believed that it was permitted to do so pursuant to the terms of the oil and gas lease and not prohibited from doing so pursuant to the terms of the parties' settlement agreement.

{¶4} On June 26, 2008, Ms. Damitz filed a complaint in case number CV 2008-06-4596 against St. Croix, seeking declaratory judgment, a preliminary and permanent injunction, and alleging a claim for breach of contract in regard to the parties' 1992 settlement agreement. Ms. Damitz also filed a motion for a preliminary injunction. St. Croix filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Ms. Damitz opposed the motion to dismiss. The trial court never issued a formal ruling on the motion to dismiss. On September 4, 2008, the parties filed a "stipulation," agreeing that St. Croix would not commence any physical activities in relation to its proposed directional drilling without thirty days' written notice to Ms. Damitz. The parties further agreed that Ms. Damitz' motion for injunctive relief would be held in abeyance pending St. Croix' notice of intent to commence secondary operations at the existing wellhead. On December 23, 2008, the trial court sua sponte ordered that case number CV 2008-06-4596 be placed on the inactive docket.

{¶5} On October 2, 2009, St. Croix filed a complaint in case number CV 2009-10-7229 against Ms. Damitz and her husband David Sirlouis (collectively "Damitz"), alleging two claims for declaratory judgment, one claim for breach of contract in regard to the oil and gas lease, and one claim for fraud. Damitz filed an answer and six counterclaims which reiterated her claims in her original complaint in addition to adding other claims. Damitz later amended her counterclaims, alleging two claims for declaratory judgment, one claim for preliminary and

permanent injunctive relief, one claim for breach of contract in regard to the parties' 1992 settlement agreement, and two alternative claims for declaratory judgment.

{¶6} St. Croix moved to transfer case number CV 2009-10-7229 to the judge to whom the 2008 case had been assigned. St. Croix erroneously asserted that case number CV 2008-06-4596 had been voluntarily dismissed and that the 2009 case constituted a refiled action. Recognizing that Damitz had not voluntarily dismissed her 2008 complaint, the trial court instead ordered that case number CV 2009-10-7229 be consolidated with case number CV 2008-06-4596 and that all further documents be filed under the 2008 case number. The trial court terminated the 2009 case from the civil docket.

{¶7} The parties filed competing motions for summary judgment. St. Croix purportedly moved for summary judgment on all four of its claims and all six of Damitz' counterclaims. St. Croix failed, however, to make any argument in regard to Damitz' fourth counterclaim. Damitz moved for summary judgment on all four counts in St. Croix' complaint but only counts one, two, and five of Damitz' six counterclaims. No party moved for summary judgment, or further acknowledged, the three claims in Ms. Damitz' original complaint. On September 15, 2010, the trial court issued an order ruling on the competing motions for summary judgment and purporting to dispose of all pending claims. The trial court included the appropriate Civ.R. 54(B) language, noting that there was no reason for delay. St. Croix appealed that order, filing notices of appeal in regard to both case numbers CV 2008-06-4596 and CV 2009-10-7229.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED IN DENYING ST. CROIX'[] MOTION FOR SUMMARY JUDGMENT AND ERRED IN GRANTING DAMITZ'[] MOTION FOR SUMMARY JUDGMENT."

{¶8} St. Croix argues that the trial court erred in granting summary judgment in favor of Damitz on its claims and some of Damitz' counterclaims. This Court agrees.

{¶9} St. Croix further argues that the trial court erred by denying its competing motion for summary judgment. While the denial of a motion for summary judgment is generally not a final, appealable order, we have accepted review of that issue on appeal where, as in this case, the trial court considered the matter on cross-motions for summary judgment and entered a final judgment against the appellant. *Rootstown Excavating, Inc. v. Smith*, 9th Dist. No. 25457, 2011-Ohio-6415, at ¶ 20.

{¶10} As a preliminary matter, this Court notes some issues of concern regarding the management and disposition of this matter below. First, neither the parties nor the trial court acknowledge the original complaint filed by Ms. Damitz. There is nothing in the record to indicate that Ms. Damitz voluntarily dismissed her complaint or that the trial court entered judgment on any of the three claims alleged therein. While Ms. Damitz may have intended to abandon those claims in favor of the jointly filed counterclaims, there is nothing in the record to reflect that. On the face of the record, Ms. Damitz' original complaint remains pending, thus necessitating disposition of the complaint in this matter.

{¶11} Second, although the trial court made an effort to clearly delineate the claims enunciated in Damitz' amended counterclaims, it incorrectly identified the individual counts. The trial court separated the first counterclaim into two distinct counts. It then misidentified the

second counterclaim as count three, the third counterclaim as count four, the fourth counterclaim as count five, and the fifth and sixth alternative counterclaims together as count six.

{¶12} Third, after granting summary judgment in favor of Damitz on St. Croix' four claims, it inexplicably dismissed those claims instead of rendering judgment on the claims in her favor. Finally, the trial court purported to issue a ruling as to "all claims for relief in the matter." This Court has already noted that the trial court failed to address the three claims in Ms. Damitz' pending original complaint. More troubling, the trial court dismissed Damitz' fourth counterclaim (misidentified as count five), based on Damitz' failure to demonstrate the family's entitlement to the requested declaration of rights. However, Damitz did not move for summary judgment on the fourth counterclaim and, therefore, assumed no burden to present evidence on the issue. In addition, although St. Croix asserted that it was moving for summary judgment on all of Damitz' counterclaims, it failed to address the fourth counterclaim in its motion. This Court has held that "it is axiomatic that the trial court may not grant summary judgment in regard to any claim, where a party has not moved for judgment in regard to that claim." *Rowe v. Striker*, 9th Dist. No. 07CA009296, 2008-Ohio-5928, at ¶7, quoting *Urda v. Buckingham, Doolittle & Burroughs*, 9th Dist. No. 22547, 2005-Ohio-5949, at ¶13. It is, therefore, troubling that the trial court disposed of count four of Damitz' counterclaims.

{¶13} This Court now addresses St. Croix' assigned error that the trial court erred in its rulings on the competing motions for summary judgment.

{¶14} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶15} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from

the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶16} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶17} Civ.R. 56(C) limits the type of evidence which may be considered in support of a motion for summary judgment. Specifically, the trial court may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any," and expressly provides that "[n]o evidence or stipulation may be considered except as stated in this rule." Civ.R. 56(C).

{¶18} In this case, the trial court based its ruling on its assertion that "[t]he parties have stipulated to the facts in this matter[.]" The record contains no written stipulation of the parties as contemplated by Civ.R. 56(C). Moreover, St. Croix has alleged on appeal, and Damitz has not contested, that no stipulations of fact existed in the record. The trial court was not permitted to consider evidence outside the scope of the types enumerated in Civ.R. 56(C). *See Streb v.*

*Cinemark U.S.A., Inc.*, 10th Dist. No. 94APE04-540, 1995 WL 78063 (Feb. 21, 1995). Furthermore, although St. Croix argued in its response to Damitz' motion for summary judgment that Damitz made various concessions as to the facts in their motion, Damitz replied that St. Croix was incorrect in that assertion. This Court has recognized that "[w]hile reliance on evidentiary material beyond that set forth in Civ.R. 56(C) has been allowed, it is only when the opposing party has raised no objection." *Green v. B.F. Goodrich Co.*, 85 Ohio App.3d 223, 228 (9th Dist.1993). Here, Damitz objected to the trial court's consideration of the facts as St. Croix argued they had been conceded. Accordingly, because there was no written stipulation of facts in the record as contemplated by Civ. R. 56(C), the trial court erred in basing its rulings on the competing motions for summary judgment on the parties' alleged stipulation. St. Croix' argument that the trial court erred by granting summary judgment in favor of Damitz is accordingly well taken. Moreover, because the trial court based its ruling on a misunderstanding of the evidence properly before it, the matter must be remanded to the lower court for consideration of the competing motions for summary judgment with due regard for the evidence properly before it, as we decline to engage in consideration of the motions in the first instance. Accordingly, St. Croix' assignment of error is sustained as it relates to the trial court's grant of summary judgment in favor of Damitz on her motion for summary judgment and we decline to substantively address the assignment of error as it relates to the trial court's denial of St. Croix' competing motion.

III.

{¶19} St. Croix' sole assignment of error is sustained in part, and we decline to address it in part. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

TERRENCE L. SEEBERGER and NADA G. FADDOUL, Attorneys at Law, for Appellees.