[Cite as *State v. Greer*, 2024-Ohio-5396.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                   :

                                  No. 23AP-138
v.                                               :    (C.P.C. No. 20CR-5242)

Gerald L. Greer,                                 :    (REGULAR CALENDAR)

      Defendant-Appellant.                  :

D E C I S I O N

Rendered on November 14, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee.

**On brief:** *Mitchell A. Williams*, Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Defendant-appellant, Gerald L. Greer, appeals from an order of the Franklin County Court of Common Pleas modifying the terms of his confinement and granting conditional release to a secure nursing home facility.  For the following reasons, we reverse and remand.

## I. Facts and Procedural History

{¶ 2}  In November 2020, Greer was indicted on one count of felonious assault with a firearm specification and one count of improperly handling a firearm in a motor vehicle.  Four days after the indictment was issued, Greer's counsel moved for a competency evaluation.  In July 2021, after reviewing the competency evaluation report, the trial court issued an entry finding Greer incompetent to stand trial.  The court further concluded it

was unable to determine whether there was a reasonable probability that Greer would become competent to stand trial within one year if provided with a course of treatment. The court ordered Greer to undergo continuing evaluation and treatment for a period of no more than four months at Twin Valley Behavioral Healthcare ("TVBH") "as the least restrictive alternative available consistent with public safety and treatment goals." (July 26, 2021 Entry at 2.) Greer was not granted unsupervised on-grounds movement, unsupervised off-grounds movement, or non-secured status.

{¶ 3} The trial court ordered another psychological examination to be conducted in December 2021. Then, after a hearing in January 2022, the court issued an order retaining jurisdiction over Greer based on its finding by clear and convincing evidence that Greer had committed the offense of felonious assault and was mentally ill subject to court order. The court ordered Greer to be committed to TVBH as the "least restrictive commitment available consistent with public safety and the defendant's welfare." (Jan. 20, 2022 Order at 2.)

{¶ 4} On August 5, 2022, David Forman, the forensic services director at TVBH, submitted a letter to the trial court transmitting an evaluation report prepared by Dr. Amanda Conn on June 24, 2022 ("June 24th report"). In that report, Dr. Conn opined that Greer was appropriate for an increase in movement and conditional release. Dr. Conn recommended adopting a conditional release plan providing that Greer would reside with his daughter or his wife after release from TVBH and that he would comply with treatment services and necessary assessments. Dr. Conn opined that placement in the community was the least restrictive treatment setting available that was consistent with public safety and Greer's welfare.

{¶ 5} On October 6, 2022, Dr. E.E. White, a psychologist at Netcare Forensic Center, submitted a second opinion report to the trial court pursuant to R.C. 2945.401(D)(1)(b), opining that conditional release was appropriate for Greer. Dr. White further opined that, due to Greer's required level of care, placement in a secure, skilled Veterans Administration ("VA") nursing facility or community living center would be the appropriate least restrictive treatment setting.[1]

---

[1] Dr. White's initial report stated that a "locked," skilled VA facility was the appropriate placement for Greer, but in a subsequent letter to the court Dr. White clarified that a "secure," skilled VA facility was the appropriate placement.

{¶ 6}   Greer then moved for immediate conditional release to his daughter's home, citing Dr. Conn's June 24th report and Foreman's August 5, 2022 letter transmitting that report to the court.  The state filed a memorandum in opposition, requesting a hearing and asserting that Dr. White's second opinion assessment recommended Greer be granted conditional release to a secure nursing facility.

{¶ 7}   Following a hearing conducted on January 17, 2023, the trial court issued an order that Greer be granted conditional release to a secure nursing home facility, which the court found to be the least restrictive commitment available consistent with public safety and Greer's welfare.  Greer sought a delayed appeal of the conditional release order, which was unopposed by the state; this court granted the motion for delayed appeal.[2]

## II. Assignments of Error

{¶ 8}   Greer assigns the following three assignments of error for our review:

> [I.] The lower court abused its discretion and violated R.C. 2945.39 and 2945.401 when it refused to grant Appellant conditional release with the requirement that he reside with his daughter Danele "Jody" Tubaugh and/or his wife and that he comply with treatment services and any assessments deemed necessary inasmuch as those conditions constituted the least restrictive commitment alternative available that is consistent with public safety and the welfare of Appellant.
>
> [II.] Because the State failed to demonstrate by clear and convincing evidence that granting Appellant conditional release for him to reside with his daughter and/or wife (and comply with the Mental Health Agency Aftercare Plan attached to Dr. Amanda Conn's June 24, 2022 Report) and/or that granting Appellant's November 1, 2022 request represented a threat to public safety or a threat to the safety of any person in violation of R.C. 2945.401(G)(2) the lower court erred when it instead imposed conditional release that Appellant reside at a secure nursing home.
>
> [III.] The trial court abused its discretion and violated R.C. 2945.39 and 2945.401 by issuing a journal entry that contained orders inconsistent with those orally made and

---

[2] Greer's granddaughter filed a timely notice of appeal of the conditional release order on Greer's behalf; that appeal was docketed as case No. 23AP-109. Greer's appellate counsel, the Franklin County Public Defender, subsequently moved to voluntarily dismiss that appeal because Greer's granddaughter was not an attorney or an injured party and moved for leave to file a delayed appeal. We granted the motion to dismiss in case No. 23AP-109 and granted the motion for leave to file a delayed appeal in the present case.

placed on the record by the court at the January 17, 2023 hearing.

### III. Analysis

### A. Whether the trial court erred by not granting Greer conditional release to live with his daughter

{¶ 9} Greer argues in his first assignment of error the trial court erred by refusing to grant him conditional release to reside with his daughter in accordance with the recommendation contained in Dr. Conn's June 24th report. Greer argues that conditional release under those conditions was the least restrictive commitment alternative consistent with his welfare and public safety.

{¶ 10} With regard to recommendations for termination of commitment or changes to the conditions of commitment, the Supreme Court of Ohio has held that a trial court "has more discretion to disapprove or modify a recommendation for nonsecured status or termination of commitment * * * than it does for other recommendations for changes that involve the person's remaining supervised." *State v. Stutler*, 169 Ohio St.3d 639, 2022-Ohio-2792, ¶ 15. However, when a recommended change in commitment status or conditions does not include a request for nonsecured status or termination of commitment, a trial court "does not have discretion to deny the recommended change" unless the state proves by clear and convincing evidence that the recommended change would result in a threat to public safety or any person. *Id.*

{¶ 11} As set forth above, in its January 2022 order, the trial court found by clear and convincing evidence that Greer committed the offense of felonious assault and was mentally ill subject to court order. Based on those findings, the court ordered Greer to be committed to TVBH pursuant to R.C. 2945.39(D)(1). Under that statute, "[i]n determining the place of commitment, the court shall consider the extent to which the person is a danger to the person and to others, the need for security, and the type of crime involved and shall order the least restrictive alternative available that is consistent with public safety and the welfare of the defendant," with a preference for protecting public safety. R.C. 2945.39(D)(1). Once the court determined that Greer should be committed for treatment, all further proceedings were required to be taken in accordance with R.C. 2945.401 and 2945.402. R.C. 2945.39(D)(3).

{¶ 12} R.C. 2945.401 "provides a comprehensive scheme that gives Ohio's trial courts continuing jurisdiction over the commitment conditions of persons committed to mental-health institutions by court order." *Stutler* at ¶ 10. Under R.C. 2945.401(C), a defendant may request a change in the conditions of his confinement. Additionally, under R.C. 2945.401(D)(1), "the designee of the department of mental health and addiction services or the managing officer of the institution or director of the facility or program to which the defendant * * * is committed" may recommend termination of commitment or a change to the conditions of commitment.

{¶ 13} As relevant to this appeal, if the "department's designee recommends the first of any nonsecured status for the defendant," the designee must notify the trial court and the local forensic center.[3] R.C. 2945.401(D)(1)(b). The local forensic center then must evaluate the defendant and report to the trial court and the department's designee. *Id.* In this case, Dr. Conn's June 24th report recommended Greer be granted conditional release under a plan providing that he would live with his daughter or wife or be placed in a nursing home if those arrangements were not available. TVBH submitted that recommendation to the trial court by letter on August 5, 2022. Dr. White then evaluated Greer on behalf of Netcare Forensic Center and concluded that conditional release to a secure, skilled VA nursing facility or community living center was the appropriate placement for Greer. Thus, Dr. White disagreed with the recommendation contained in Dr. Conn's June 24th report.

{¶ 14} When, as in this case, the local forensic center disagrees with the recommendation of the department's designee, it must inform the department's designee and the trial court of its decision. "The department's designee, after consideration of the forensic center's decision, shall either withdraw, proceed with, or modify and proceed with the recommendation." R.C. 2945.401(D)(1)(b)(i). Greer asserts Dr. Conn was the "department's designee" and that the recommendation contained in her June 24th report was entitled to greater weight than any recommendation from TVBH. Greer argues there was no evidence before the trial court at the January 17, 2023 hearing establishing that

---

[3] The parties dispute whether Dr. Conn or TVBH was the "department's designee" for purposes of the statute. On August 5, 2022, Forman, in his role as Forensic Services Director at TVBH, submitted Dr. Conn's June 24th report to the trial court, which suggests that at the time TVBH agreed with Dr. Conn's recommendation. Therefore, it was immaterial whether Dr. Conn or TVBH was the "department's designee" for purposes of triggering the review under R.C. 2945.401(D) at the time of the original recommendation.

Dr. Conn had withdrawn or modified the recommendation set forth in her June 24th report, i.e., that Greer be granted conditional release to live with his daughter or wife. By contrast, the state argues that TVBH, not Dr. Conn, was the department's designee and that a January 12, 2023 email from Forman to the assistant prosecuting attorney stating that TVBH agreed with Dr. White's recommendation had the effect of withdrawing Dr. Conn's June 24th report.

{¶ 15} Given the circumstances in this case we need not resolve the question of whether Dr. Conn or TVBH was the "department's designee" for purposes of R.C. 2945.401(D). The key factor here is that the trial court appears to have misconstrued or misunderstood the evidence before it at the January 17, 2023 hearing. The trial court described the reports that had been submitted as follows:

> I have a report - - several reports, first report from Twin Valley Behavioral Healthcare dated August the 5th, 2022; I have an update from Twin Valley dated Friday, January the 13th, 2023; I have a Netcare Forensic Report, prepared by E.E. White, Psychologist, and that report is based on an evaluation that was conducted - -.
>
> * * *
>
> [A]fter the Twin Valley evaluations on October the 6th of 2022, and a letter from Dr. White on October the 7th, 2022.[4]

(Jan. 17, 2023 Tr. at 2-3.) In summarizing the evidence, the trial court stated that Dr. Conn had changed her recommendation, asserting "[w]e had the opinion from Dr. Conn who had recommended that at this point that recommendation has been changed to agree with what Dr. White has recommended." (Jan. 17, 2023 Tr. at 9-10.) The court then stated that "at this time *they* feel that [Greer's placement] should be a secured, skilled VA nursing facility"

---

[4] Greer's counsel stipulated to the authenticity of the reports named by the trial court and did not object to consideration of the January 13, 2023 "update" from TVBH, which consisted of emails between Forman and the assistant prosecuting attorney. This suggests that any subsequent claim of error related to those reports may be subject to plain-error review. *See*, *e.g.*, *State v. Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, ¶ 49 ("[O]n one of the transcript pages Gross cites, his counsel stipulates to the admission of the nine photographs in question. Consequently, Gross has forfeited all but plain error."); *State v. Neguse*, 71 Ohio App.3d 596, 603 (10th Dist.1991) ("Besides never having objected to the admission of the documents, appellant stipulated to their admissibility as true and accurate copies of the FCCS records. Appellant has not shown that admission of the records was plain error which affected a substantial right of appellant as required by Crim.R. 52(B)."). As explained further herein, we ultimately conclude that the trial court erred in this case because it misconstrued or misunderstood the evidence before it and erroneously believed it was ruling in accordance with a single consensus recommendation from both psychologists who had examined Greer.

and referred to that placement as "*the* recommendation." (Emphasis added.) (Jan. 17, 2023 Tr. at 10.) These statements appear to indicate that the court believed there was a single consensus recommendation from both doctors that had examined Greer and that the court was simply following the consensus recommendation when ordering conditional release to a secure, skilled VA nursing facility.

{¶ 16} Despite the trial court's apparent belief that there was a single consensus recommendation, however, the January 13, 2023 "update" from TVBH tells a different story. The January 13, 2023 "update" from TVBH consisted of emails exchanged between Forman and the assistant prosecuting attorney on January 12 and 13, 2023. Forman initially advised the prosecutor that the *hospital* was in agreement with Dr. White's recommendation that Greer be placed in a secure nursing facility. The prosecutor responded by asking if it was "safe to assume this is Dr. Conn's opinion" and whether Dr. Conn would be updating her report. (Jan. 12, 2023 Assistant Prosecuting Attorney Potter email.) Forman responded that the decision to change "our recommendation" came from "the hospital (i.e., the treatment team and our CCO)." (Jan. 13, 2023 Forman email.) Dr. Conn's June 24th report indicated she was not part of Greer's treatment team; accordingly, Forman's representation that the treatment team changed its recommendation was not equivalent to Dr. Conn changing her recommendation. Moreover, in Forman's response, he advised the prosecutor to let him know if it would be helpful to have Dr. Conn amend her report. Based on that statement from Forman, it is unclear at best whether Dr. Conn agreed with, or even was aware of, the change in TVBH's position regarding the appropriate placement for Greer following Dr. White's evaluation. Therefore, to the extent the trial court believed it was acting in a manner consistent with a single consensus recommendation agreed to by Dr. White, TVBH, and Dr. Conn, the court was mistaken.

{¶ 17} Under these circumstances, because the trial court appears to have misconstrued or misunderstood the evidence before it, we conclude the court erred and the appropriate remedy is to remand this matter for a rehearing where the trial court can evaluate the record evidence properly before it. *See, e.g., State v. Weaver*, 171 Ohio St.3d 429, 2022-Ohio-4371, ¶ 41 (remanding for a new sentencing hearing on a petition for postconviction relief where the court found that "[n]ot only did the trial court

misunderstand the evidence * * * but it demonstrated a willful refusal to consider such evidence"); *St. Croix, Ltd. v. Damitz*, 9th Dist. No. 25629, 2012-Ohio-1325, ¶ 18 ("[B]ecause the trial court based its ruling on a misunderstanding of the evidence properly before it, the matter must be remanded to the lower court for consideration of the competing motions for summary judgment with due regard for the evidence properly before it, as we decline to engage in consideration of the motions in the first instance.").

{¶ 18} Accordingly, we sustain Greer's first assignment of error.

## B. Greer's remaining assignments of error

{¶ 19} In his third assignment of error, Greer asserts the trial court abused its discretion by issuing a judgment entry that was inconsistent with the court's verbal order at the January 17, 2023 hearing. The state concedes that the court's judgment entry did not accurately reflect what the court ordered at the January 17, 2023 hearing. Although the parties agree that the court's judgment entry did not accurately reflect the court's prior verbal order, this assignment of error is rendered moot by our resolution of the first assignment of error and conclusion that the judgment entry must be reversed. Likewise, appellant's second assignment of error is rendered moot by our resolution of the first assignment of error.

{¶ 20} Accordingly, we dismiss as moot Greer's second and third assignments of error.

## IV. Conclusion

{¶ 21} For the foregoing reasons, we sustain Greer's first assignment of error and dismiss as moot his second and third assignments of error. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

EDELSTEIN and LELAND, JJ., concur.

_____